# THE BARRY FISCHER LAW FIRM LLC

555 FIFTH AVENUE – SUITE 1700
NEW YORK, NEW YORK 10017
TEL.: (212) 840-9300
FAX.: (212) 682-7060
WWW.BFLF-US.COM

ERIC S. WALDMAN
ADMITTED IN NY AND NJ
EWALDMAN@BFLF-US.COM

July 29, 2014

**VIA ECF AND U.S. MAIL**
Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *WSP USA Corp. v. John Marinello*
                Civil Action No. 13 Civ. 4591 (PKC)

Dear Judge Castel:

       We represent plaintiff WSP USA Corp. ("WSP USA" or "plaintiff") in the above-referenced action. Plaintiff respectfully requests that this action be dismissed without prejudice pursuant to the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 41(a)(2).

       Plaintiff commenced this action against defendant because it discovered that, prior to leaving plaintiff's employ to work for a direct competitor, defendant had taken and did not return confidential and proprietary files, as well as certain electronic equipment, in violation of the Separation Agreement and General Release dated February 28, 2013 between the parties (the "Separation Agreement").

       In its Complaint, plaintiff alleged that defendant's failure to return the confidential information was a material breach of the agreement, defeated the object of the parties in making the agreement, and thus the Separation Agreement was vitiated. In its Memorandum and Order dated December 18, 2013, the Court found that the Separation Agreement was not vitiated and that plaintiff could only pursue claims that arose after February 28, 2013. If the Separation Agreement and General Release was vitiated, plaintiff intended to pursue additional claims against defendant (e.g. claims for business defamation and under the faithless servant doctrine), which alone would have brought its damages well above the $75,000 threshold for diversity jurisdiction.

# THE BARRY FISCHER LAW FIRM LLC

Thus, plaintiff believes that it brought this federal action in good faith with plausible theories of recovery. While the Court dismissed plaintiff's business defamation and accounting claims, the Court ruled that plaintiff stated claims for breach of contract, misappropriation of trade secrets, and conversion. After the Memorandum and Order was issued but before discovery commenced, plaintiff believed that its damages under one or more of these claims would exceed $75,000 at trial.

During discovery, plaintiff produced emails showing that defendant sent from his WSP USA email account to his personal Gmail accounts nearly a dozen confidential files prior to his departure from WSP USA. After the parties conducted discovery, it became absolutely clear that defendant had breached the Separation Agreement by not returning the confidential information and electronic equipment, which would entitle plaintiff to the consideration given under the agreement - $26,500. Discovery also showed that defendant failed to return WSP USA-issued electronic equipment prior to the end of his employment. Since defendant denied retaining any electronic equipment, however, plaintiff was unable to forensically examine the equipment to determine what, if any, confidential information resided on or was deleted from the hard drive(s).

Furthermore, defendant contended in his deposition that he deleted all emails from his personal Gmail accounts that contained WSP USA's confidential files and denied sharing these files with his new employer. At this time, plaintiff is unable to verify with Google whether or not defendant had actually deleted such emails, or forwarded the emails to his new employer, due to the length of time that has passed since those emails were allegedly deleted.

While plaintiff maintains that it suffered damages as a result of defendant's actions, at this time it is likely that plaintiff's provable damages may not exceed the $75,000 jurisdictional threshold and thus the Court would be divested of diversity jurisdiction.

Accordingly, plaintiff respectfully requests that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. Rule 41(a)(2). Plaintiff has enclosed a proposed order of dismissal for Your Honor's convenience. Plaintiff intends to file a state court action to vigorously pursue the foregoing damages against defendant.

Respectfully,

Eric S. Waldman

Enclosure
cc:   Lawrence S. Rosen, Esq. (Via ECF)
      David N. Kittredge, Esq. (Via ECF)
      Jared E. Blumetti, Esq. (Via ECF)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____X

WSP USA CORP.,

        Plaintiff,

-against-

JOHN MARINELLO,

        Defendant.

_____X

Civil Action No. 13-cv-4591 (PKC)

## [PROPOSED] ORDER OF DISMISSAL

WHEREAS, Plaintiff WSP USA Corp., by counsel, requests that this Court dismiss the above captioned case without prejudice pursuant to Fed. R. Civ. P. Rule 41(a)(2).

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss is granted and the above captioned case is hereby dismissed without prejudice.

**SO ORDERED:**

_____
Hon. P. Kevin Castel, U.S.D.J.

Dated: New York, New York
       July __, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Letter to Hon. P. Kevin Castel* dated July 29, 2014 was filed electronically and served by mail upon anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

Eric S. Waldman