UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
WSP USA CORP.,

                            Plaintiff,                        13-cv-4591 (PKC)

        -against-                              MEMORANDUM AND ORDER

JOHN MARINELLO,

                            Defendant.
-----------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-7-14

CASTEL, U.S.D.J.

        Federal subject matter jurisdiction in this case is premised on diversity of citizenship. 28 U.S.C. § 1332(a). When plaintiff WSP USA Corp. ("WSP") initiated the action on July 2, 2013, it alleged that the amount in controversy exceeded $75,000. (Compl't ¶ 3.) It sought damages of "not less than $100,000" for claims of breach of contract, business defamation, misappropriation of trade secrets and conversion. (Compl't at 11.) This Court dismissed, pursuant to Rule 12(b)(6), Fed. R. Civ. P., plaintiff's claim of business defamation and a claim seeking an equitable accounting. WSP USA Corp. v. Marinello, 2013 WL 6704885 (S.D.N.Y. Dec. 19, 2013). Fact discovery closed on June 16, 2014. (Docket # 18.)

        On July 9, 2014, defendant John Marinello filed a motion to dismiss pursuant to Rule 12(b)(1), Fed. R. Civ. P. (Docket # 33.) He argues that discovery in the case "has confirmed . . . to a legal certainty" that WSP has not "sustained damages even closely approximating the $75,000 jurisdictional threshold for a court sitting in diversity. (Docket # 35 at 1.) His motion seeks dismissal with prejudice. (Docket # 35 at 8.)

        In a letter-brief dated July 29, 2014, plaintiff WSP agrees that it has not suffered damages in excess of $75,000, and that this Court does not have subject-matter jurisdiction over

its claims. (Docket # 38.) Specifically, WSP's letter-brief states: "While plaintiff maintains that it suffered damages as a result of defendant's actions, at this time it is likely that plaintiff's provable damages may not exceed the $75,000 jurisdictional threshold and thus the Court would be divested of diversity jurisdiction." (Docket # 38 at 2.) It requests that this Court dismiss the action without prejudice pursuant to Rule 41(a)(2), Fed. R. Civ. P. (Docket # 38.)

Rule 41(a)(2) states that, with exceptions not relevant here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Voluntary dismissal without prejudice "is not a matter of right." Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990). In reviewing a plaintiff's request for voluntary dismissal without prejudice, a district court must consider "'the plaintiff's diligence in bringing the motion; any "undue vexatiousness" on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss.'" Ibeto Petrochemical Indus. Ltd. v. M/T Beffen, 475 F.3d 56, 61 (2d Cir. 2007) (quoting Zagano, 900 F.2d at 14).

The Court concludes that dismissal without prejudice is appropriate. WSP's initial damages allegations included $26,500 for alleged breach of a separation agreement and an unspecified sum of damages for a conversion claim that alleged Marinello's unlawful possession of electronics equipment owned by WSP. See 2013 WL 6704885, at *2, 5, 6-7. WSP does not dispute Marinello's assertion that damages for the conversion claim total no more than $11,000. (Docket # 35 at 1.) WSP's allegation that Marinello misappropriated trade secrets was difficult to quantify. According to the Complaint, prior to leaving his employment with WSP, Marinello accessed and retained sensitive proprietary information, including WSP's business plans, and

- 3 -

shared them with his new employer. See 2013 WL 6704885, at *3-5. Counsel to WSP now asserts that, during discovery, WSP was unable to determine whether Marinello retained or forwarded any confidential information that belonged to WSP. (Docket # 35 at 2.)

Under the factors recited in Ibeto and Zagano, dismissal without prejudice is appropriate. See 475 F.3d at 61. After the close of discovery, both parties promptly informed the Court that plaintiff's potential damages do not satisfy the jurisdictional threshold. Although WSP reached this conclusion somewhat late in the litigation process, discovery was critical to resolving WSP's allegations that Marinello had accessed and shared WSP's proprietary information. Discovery therefore served its purpose, and there is no indication that WSP was vexatious in waiting for discovery's conclusion before seeking dismissal. There appears to be little risk of duplicative expense or re-litigation if WSP commences an action in state court, as discovery is complete and the case appears to be ready for resolution on the merits. Finally, WSP and Marinello both have presented adequate and straightforward reasons as to why this action should be dismissed.

WSP's request to dismiss this case without prejudice pursuant to Rule 41(a)(2) is therefore GRANTED. The Clerk is directed to terminate Marinello's motion (Docket # 33) and to close this case.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       August 7, 2014